UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **VIRGINIA STURGEON,** | **CIVIL ACTION NO. 5:15-93-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **JOHNSON & JOHNSON and SYNTHES,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiff's objections to the removal of this action from Fayette Circuit Court.

The plaintiff, who is acting *pro se*, filed this action in state court. She alleges that she fractured her wrist and, as part of the treatment, a doctor inserted a plate into or on her wrist. She alleges that the plate was defective and she has suffered physical, financial, and emotional damages. She asserts claims against defendant Synthes, Inc., which she alleges manufactured the plate, and against defendant Johnson & Johnson, which she asserts wholly owns Synthes. All of the plaintiff's claims appear to be state-law claims.

The defendants removed the action, asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a), which provides for federal jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. The plaintiff asserts that she is a Kentucky resident. In their notice of removal, the defendants assert that Johnson and Johnson is a New Jersey corporation with its principal place of business in New Jersey and that Synthes is a Delaware corporation with its principal place of business in Pennsylvania.

The plaintiff objects to removal. She does not dispute the jurisdictional facts asserted by the defendants but asserts that "both entities conduct business on a daily basis in" Kentucky and that the defendants' "products are marketed to businesses" in Kentucky. A corporation's citizenship for purposes of the diversity statute is determined not by where it does business but instead by the states in "which it has been incorporated" and by the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

It is undisputed that the plaintiff is a Kentucky citizen and that neither of the defendants is incorporated in Kentucky or has its principal place of business here. In her complaint, plaintiff asserts that her medical expenses alone exceed $ 75,000. Accordingly, this action was properly removed and the plaintiff's objections are overruled.

Dated June 9, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY